**The STATE of Ohio, Appellee,**

**v.**

**LIGON, Appellant.**

[Cite as *State v. Ligon* (1989), 62 Ohio App.3d 151.]

Court of Appeals of Ohio,
Lorain County.

Nos. 88CA004361, 88CA004362.

Decided April 12, 1989.

152

*Gregory A. White,* prosecuting attorney, for appellee.

*James R. Willis,* for appellant.

CACIOPPO, Presiding Judge.

A Lorain police officer stopped a Cadillac in the early morning hours for having a broken headlight. Appellant Mos Ligon was a passenger in the car. Both Ligon and the driver were uncooperative and gave the officer fictitious

names. The officer eventually determined through a computer check that the driver was operating the vehicle with a license under suspension. The driver was placed under arrest. Ligon was asked to exit the car. The officer noticed a black case on the car's floor while Ligon was exiting. Ligon was arrested for obstructing official business and was placed with the driver in the back of the police cruiser. The officer searched the car. Numerous items were discovered. A subsequent inventory search resulted in seizure of the evidence which is the basis of the state's charges.

Ligon and the driver were transported to the jail in another police vehicle. This vehicle had been routinely searched prior to transporting the individuals. A subsequent routine search produced packages of cocaine which were removed from under the driver's seat. The packages were also admitted into evidence at trial.

Ligon and the driver were tried as co-defendants. During trial, a Lorain police officer testified to statements attributed to Ligon and to the driver. The driver's statements were admitted over Ligon's objections. Both the state and Ligon presented evidence concerning ownership of the Cadillac.

### Assignment of Error I

"The court erred and the defendant was denied his due process right of confrontation when the court admitted, over his objections, a considerable quantity of rather devastating hearsay evidence."

■ Ligon contends that the driver's statements, admitted through the police officer's testimony, were the rankest sort of hearsay and were so devastating as to deny a fair trial. Ligon asserts that the hearsay statements were offered as substantive evidence against him and that no Rule of Evidence permits such use.

If the driver's statements were admitted only as substantive evidence against Ligon, his characterization of those statements as hearsay would be correct. Although not specifically set forth, Ligon's objections and motion to strike were based on hearsay as is readily apparent from the context. Evid.R. 103(A)(1). The trial court's basis in overruling those objections is also readily apparent. The statements are within the rule's definition as not hearsay.

"(D) Statements which are not hearsay. A statement is not hearsay if:
" * * *

"(2) Admission by party-opponent. The statement is offered against a party and is (a) his own statement, in either his individual or a representative capacity * * *." Evid.R. 801(D)(2)(a).

■ The statements were the driver's own and were offered against the driver to be considered along with the prior testimony of the arresting officer. The arresting officer testified that the driver gave the name of Robert Moose. That was a fictitious name. On cross-examination, Ligon questioned the officer about the Cadillac title, power of attorney, and an application for memorandum certificate of title. The officer testified that he had no knowledge of these documents or that they indicated Robert Moose owned the Cadillac. However, from the computer information and limited investigation, he was satisfied that there was a Robert Moose. He determined that neither the driver nor Ligon fit the description of Robert Moose.

The driver's statements were a response to a question concerning the status of the Cadillac. The driver is credited as stating he did not know who owned the Cadillac; he did not know the passenger; and he had seen the passenger operate the vehicle prior to that day.

The state is required to prove beyond a reasonable doubt each element of each offense charged against each defendant. The trier of fact determines credibility and attaches weight to evidence. Ligon suggests that the trier of fact heard the evidence against the driver, only believed that Ligon had previously operated the Cadillac and, from that belief, found beyond a reasonable doubt that Ligon knowingly possessed and permitted the contraband that was found in the Cadillac. The record does not support such an evidence misuse and resulting prejudice.

The state and Ligon introduced sufficient evidence to place ownership and possession of the Cadillac in dispute. The trier of fact could make a finding based upon the facts in dispute and without misusing the driver's statements. If the trier of fact believed Ligon previously operated the Cadillac, that fact alone does not support any element of the offenses charged and is not inculpatory.

### Assignment of Error II

"The court erred in denying the appellant's motion for judgment of acquittal made at the close of all the evidence."

■ If the evidence is such that reasonable minds can reach different conclusions as to whether each material element of the crimes charged has been proven beyond a reasonable doubt, the jury must make determinations, and the court shall not order judgment of acquittal. *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 263, 9 O.O.3d 401, 402, 381 N.E.2d 184, 185. At the close of the state's evidence, the trial court dismissed one count but found sufficient evidence of knowing possession of the contraband, and weapons

under disability, to deny the acquittal motion. The trial court also denied the motion at the close of all the evidence.

■ If believed, the state introduced sufficient evidence to establish that Ligon was the owner or possessor of the Cadillac and was a passenger at the time the contraband and weapons were found. Also, Ligon possessed the contraband found in the vehicle.

For the foregoing reasons, the trial court did not err in admitting the driver's statements or in denying the motion for acquittal. The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, J., concurs.

MAHONEY, J., concurs in judgment only.